UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RHONDA L. LAFONTAINE**                                                              **PLAINTIFF**

v.                                                           CIVIL ACTION NO. 1:21-cv-167-TBM-RPM

**COMMISSIONER OF SOCIAL SECURITY**                                    **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND AFFIRMING THE FINAL DECISION OF THE COMMISSIONER

Before the Court is the Report and Recommendation [13] entered by United States Magistrate Judge Robert P. Myers on June 6, 2022. Rhonda Lafontaine appeals the final decision of the Commissioner of Social Security Administration denying her claim for disability insurance benefits after suffering a stroke in 2016. Magistrate Judge Myers recommends that the Court affirm the Commissioner's final decision. Lafontaine timely filed her Objections [14] to the Report and Recommendation objecting to the administrative law judge's disability determination because of a drafting error in the consideration of Dr. Ethel Hetrick's 2016 and 2019 opinions as well as the Magistrate Judge's conclusion that the ALJ did not err in her evaluation of Dr. Hetrick's opinions. After due consideration of the Report and Recommendation, Lafontaine's submissions, and the relevant legal authority, the Court finds that Lafontaine's Objections [14] should be overruled and the Report and Recommendation [13] should be adopted as the opinion of this Court.

### I. BACKGROUND

Lafontaine applied for disability insurance benefits after she suffered a stroke alleging a disability onset date of January 27, 2016. [6], pps. 17; 23. The agency denied Lafontaine's claim on initial review and on reconsideration. *Id.* at 17. An administrative law judge ("ALJ") held a hearing

at which Lafontaine and an impartial vocational expert testified. *Id*. The ALJ considered the evidence put forth and decided Lafontaine is not disabled under the Social Security Act. *Id*. at 32.

In the ALJ's decision, she first determined that Lafontaine meets the insured status requirements of the Social Security Act through the requisite time period and had not engaged in substantial gainful activity since January 27, 2016. [6], pg. 19. Next, the ALJ determined that Lafontaine suffers from the following severe impairments: left homonymous hemianopsia, obesity, borderline intellectual functioning, anxiety, and depression. *Id*. at 19–20. Because the ALJ found a severe impairment, the ALJ moved on to the third step and concluded that Lafontaine does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments at 20 C.F.R. pt. 404, subpt. P, app. 1. *Id*. at 21.

Since the ALJ found Lafontaine was not impaired, she moved on to step four and determined that Lafontaine had the residual functional capacity ("RFC") "to perform light work as defined in 20 C.F.R. § 404.1567(b) except the claimant should avoid more than occasional exposure to hazards including moving machinery and unprotected heights; she is limited to performing simple, routine tasks in which she has no more than occasional interaction with the public or coworkers; and she should not be required to drive as part of her work duties." *Id*. at 22–23. Based on this RFC, the ALJ found that "[t]he claimant is unable to perform any past relevant work." *Id*. at 30.

At the last step, the ALJ found that "[c]onsidering the claimant's age, education, work experience and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id*. at 31. Thus, the ALJ concluded at step five that Lafontaine is not disabled within the meaning of the Social Security Act. *Id*. at 32. The Appeals Council denied

review and the ALJ's decision became the final decision of the Commissioner. *Id*. at 11. Lafontaine then appealed the Commissioner's decision to this Court. [1].

The ALJ considered numerous examinations and opinions from various medical professionals. [6], pps. 20–32. At issue are two psychological evaluations performed by Ethel Hetrick, PhD. [14], pg. 1. Dr. Hetrick performed the first evaluation on October 20, 2016, and found Lafontaine has "the mental capacity to perform routine, repetitive tasks." [6], pps. 549–51. Then, on April 10, 2019, Dr. Hetrick included a qualification that Lafontaine could "perform routine, repetitive tasks, *but not in a competitive work setting due to poor working memory, slowed mental processing and anxiety*." *Id*. at 771 (emphasis added). Dr. Hetrick made this conclusion based on Lafontaine's husband's report of irritability. *Id*. at 771–72.

In the ALJ's decision, the ALJ repeated the same findings regarding Lafontaine's alleged inability to work in a "competitive setting" when referring to the 2016 evaluation. [6], pg. 30. Although, that restrictive finding was only in the 2019 evaluation opinion. *Id*. at 771. Lafontaine appealed alleging that the ALJ did not properly weigh the opinions of consultative examiner Dr. Hetrick. [13], pg. 2.

Magistrate Judge Myers reviewed Lafontaine's appeal and recommended that the decision of the Commissioner be affirmed. [13]. Although the ALJ's decision mistakenly used the findings of Dr. Hetrick's 2019 evaluation when referring to the Dr. Hetrick 2016 evaluation, the ALJ found both the 2016 and 2019 opinions unpersuasive. [6], pg. 30. The ALJ used the more stringent opinion, and mistakenly repeated the relevant findings when referring to the 2016 evaluation. *Id*. Magistrate Judge Myers found that "[t]his appears to be a mere drafting error." [13], pg. 6. Ultimately, Magistrate Judge Myers found the "ALJ's conclusion that Lafontaine could perform

simple, routine tasks in a work setting is supported by substantial evidence in the record." [13], pg. 8.

Lafontaine timely objected to the Report and Recommendation. [14]. In her Objection, Lafontaine argues that the ALJ's confusion between the 2016 and 2019 opinions was more than a mere drafting error and that the ALJ erred in determining her RFC assessment because the ALJ did not adequately review the opinions of Dr. Hetrick. [14], pg. 1.

## II. STANDARD OF REVIEW

It is well-settled that "[p]arties filing objections must specifically identify those findings objected to." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (alteration in original) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, at *2 (S.D. Miss. Aug. 27, 2015) (citing *Battle*, 834 F.2d at 421). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review." *Id*. When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court "review[s] the [Commissioner's] decision to deny disability benefits by determining whether substantial evidence in the record supports the decision and, further, whether

4

proper legal standards were used in evaluating the evidence." *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 126 (1938)). While more than a scintilla, substantial evidence is less than a preponderance. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (citing *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)). "It must do more than create a suspicion of the existence of the fact to be established, but no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Harrell*, 862 F.2d at 475 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)) (internal quotations omitted). The Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute the Court's judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling*, 36 F.3d at 434 (quoting *Harrell*, 862 F.2d at 475) (internal alteration omitted).

### III. DISCUSSION

Lafontaine "objects to the Magistrate Judge's finding that the ALJ's conclusion between the 2016 and 2019 opinions was only a drafting error" and "the Magistrate Judge's conclusions that the ALJ did not err in her evaluation of the opinions of Dr. Hetrick." [14]. Lafontaine does not object to the Report and Recommendation's finding that the ALJ adequately evaluated the opinions of Dr. Prosser and Dr. Powers. She also does not assert that the ALJ applied an incorrect standard. The Court finds the Report and Recommendation's unobjected-to conclusions are

without clear error and not contrary to the law and adopt it as the opinion of the Court. The Court will review Lafontaine's objection to the Report and Recommendation's findings on the opinions of Dr. Hetrick *de novo*.

**A. The ALJ adequately evaluated the opinions of Dr. Hetrick and supported the RFC determination with substantial evidence.**

Dr. Hetrick first concluded in 2016 that Lafontaine has "the mental capacity to perform routine, repetitive tasks." [6], pg. 551. However, Dr. Hetrick added in her 2019 evaluation that "[Lafontaine] appears to have the mental capacity to perform routine, repetitive tasks, *but not in a competitive work setting due to poor working memory, slowed mental processing and anxiety*." [6], pg. 771. (emphasis added). The ALJ found Dr. Hetrick's limitation regarding Lafontaine's inability to perform tasks in a competitive work setting unpersuasive. [6], pg. 30. In the ALJ's decision, the ALJ repeated the findings of Dr. Hetrick's 2019 evaluation when referring to the 2016 evaluation. [6], pg. 30. The ALJ restated that Lafontaine "had the mental capacity to perform routine, repetitive tasks, but not in a competitive setting." *Id.* However, that qualification was only in the 2019 evaluation. Ultimately though, the ALJ concluded that both the 2016 and 2019 evaluations by Dr. Hetrick were unpersuasive. [6], pg. 30.

"Procedural perfection in administrative proceedings is not required." *Mays v. Bowen*, 837 F.2d 1362, 1364 (citing *Jones v. Heckler*, 702 F.2d 616, 616 (5th Cir. 1983)). "The ALJ is responsible for assessing the medical evidence and determining the claimant's residual functional capacity." *Perez v. Heckler*, 777 F.2d 298, 302 (5th Cir. 1985) (citing *Jones*, 702 F.2d at 616). "The claimant's RFC assessment is a determination of the most the claimant can still do despite his [or her] physical and mental limitations and is based on all relevant evidence in the claimant's record." *Kneeland v. Berryhill*, 850 F.3d 749, 754 (5th Cir. 2017) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461–62 (5th

Cir. 2005)). "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996). An ALJ is required to articulate how persuasive she found the medical opinions to be. 20 C.F.R. § 404.1520c(b).

For claims filed on or after March 27, 2017—like the present claim—the ALJ must "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 404.1520c(a). Instead, the ALJ evaluates the medical opinions with the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization of the medical source; and (5) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1520c(c). The most important factors are supportability and consistency. 20 C.F.R. § 404.1520c(a). The ALJ is required to explain how she considered the supportability and consistency factors but is not required to explain how she considered the other three factors. 20 C.F.R. § 404.1520c(b)(2). As to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). As to consistency, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

### i. Supportability

The ALJ found that both Dr. Hetrick's 2016 and 2019 evaluations were not persuasive. [6], pg. 30. The ALJ explained that Lafontaine's inability to tolerate stress in the workplace is not

supported by objective evidence. *Id*. Dr. Hetrick's 2019 evaluation was "predicated on the husband of the claimant's subjective statement that the claimant was more irritable." *Id*. The ALJ concluded that substantial evidence supported that Lafontaine is capable of "making a successful adjustment to other work" and is not disabled. [6], pg. 32.

Lafontaine argues that her appearance of being "fully alert and responsive to the examination process" are unrelated to Dr. Hetrick's 2019 evaluation and that the ALJ erred by finding that her inability to handles stress in the workplace was not supported. [14], pg. 2. Additionally, Lafontaine points to the ALJ's "confusion" between Dr. Hetrick's 2016 and 2019 evaluations, where the ALJ inadvertently used the same language regarding Lafontaine's alleged inability to work in a "competitive setting" to describe both the 2016 and 2019 evaluations. [14], pg. 1; [6], pg. 30.

In her 2019 opinion, Dr. Hetrick concluded that Lafontaine would have issues with interacting and receiving supervision based off her husband's report of irritability. [6], pps. 771–72. The ALJ adequately explained how Dr. Hetrick's medical opinion was not supported:

> Although Dr. Hetrick indicated the claimant appeared unable to tolerate stress in the workplace, this is not supported by objective evidence, but is predicated on the husband of the claimant's subjective statement that the claimant was more irritable. This opinion is also inconsistent with Dr. Hetrick's behavioral observations. She noted that the claimant was able to engage in an interactive, age-appropriate conversation. Her speech was spontaneous. Because of these discrepancies, the opinion is found to be unpersuasive.

[6], pg. 30. Additionally, the ALJ gave credit to the medical opinions of other medical examiners and found Dr. Hetrick's 2019 opinion to be inconsistent and based on subjective evidence from Lafontaine's husband.

The ALJ considered the opinion of state agency psychologist, Vickie Prosser, PhD. [6], pg. 29. Dr. Prosser found that Lafontaine is "not disabled." *Id.* at 131. Lafontaine can "complete a normal 40-hour week of work without excessive interruptions from psychological symptoms, can relate appropriately to coworkers and supervisors on a limited basis and can adapt to a job setting." *Id.* at 129. Additionally, the ALJ considered the evaluation performed by Dr. Louis Saddler which found that Lafontaine had no severe impairments. *Id.* at 28–29. Accordingly, the ALJ did not err in determining that Lafontaine is not under a disability, as defined in the Social Security Act.

### ii. Consistency

The ALJ also determined Dr. Hetrick's 2019 evaluation was inconsistent with the examination by Dr. Prosser. [6], pg. 29. The ALJ noted that Dr. Prosser found in her examination that Lafontaine "appeared capable of understanding and carrying out instructions and maintaining attention and concentration adequately for 2-hour periods in an 8-hour workday." *Id.* Dr. Prosser ultimately determined that Lafontaine was not disabled. *Id.* at 131.

The ALJ also found Dr. Hetrick's 2019 evaluation to be inconsistent with the examination by state agency psychologist, David Powers, PhD. *Id.* at 29. Dr. Powers' evaluation found Lafontaine's "[r]esidual functioning allows for routine, repetitive work" with no qualification regarding competitiveness. *Id.* at 165. "Fortunately[,] there are no indications of a severe mental problem of any kind." [6], pg. 165. Dr. Powers concluded in his finding that Lafontaine would be able to adjust to other work and "adapt to routine changes in the workplace." *Id.* Although Lafontaine would be unable to return to her previous work as a cafeteria worker, Dr. Powers found that Lafontaine would be capable to work as a hand packer, sampler, or assembler and can

9

"complete an 8 hour work day and a 40 hour work week without significant psychologically related interruptions." *Id*. at 165–66.

The ALJ points to the inconsistency regarding Lafontaine's "statements about the intensity, persistence, and limiting effects of her symptoms." [6], pg. 28. "To the degree that [Lafontaine] argues that the record supports greater functional limitations the Court may not weigh the evidence as conflicts in the evidence are for the Commissioner to resolve." *Hodge v. Saul*, No. A-20-cv-742-DH, 2021 WL 3774210, at *3 (W.D. Tex. Aug. 25, 2021) (citing *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (internal quotation omitted) ("[C]onflicts in the evidence are for the Commissioner and not the courts to resolve.")).

The ALJ considered the entirety of the record and cites multiple opinions from examiners that found Lafontaine was not physically impaired through the use of objective evidence. *Id*. pps. 28–31. For instance, the ALJ mentioned that although the opinions of Dr. Prosser and Dr. Powers are inconsistent, the opinions "sufficiently support . . . a finding [that Lafontaine] is limited to, *but capable of*, performing simple, routine tasks." *Id*. at 29 (emphasis added). Although Lafontaine asserts that the ALJ did not properly consider Dr. Hetrick's opinion, the ALJ considered the entirety of the record and found that Lafontaine is not disabled within the meaning of the Social Security Act. *Id*. at 32. Accordingly, the Court finds that the ALJ did not err in determining that Lafontaine has the mental capacity to perform routine, repetitive tasks and is not disabled.

## IV. CONCLUSION

Having considered Lafontaine's Objections [14], all other relevant filings, and having conducted a *de novo* review, the Court adopts the Magistrate Judge's Report and Recommendation [13] as the findings and conclusions of the Court.

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [13] entered by United States Magistrate Judge Robert P. Myers on June 6, 2022, is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that the Commissioner of the Social Security Administration's final decision is AFFIRMED.

IT IS FURTHER ORDERED AND ADJDUGED that the Petitioner's Objections [14] to the Report and Recommendation of the United States Magistrate Judge are OVERRULED.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

THIS, the 28th day of September, 2022.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE